950 F.2d 731
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Mary Ellen STROTHER and Harold David Strother, natural
guardians of Harold David Strother, Jr., a minor
child, Petitioners-Appellants,
v.
SECRETARY OF the DEPARTMENT OF HEALTH AND HUMAN SERVICES,
Respondent-Appellee.
 No. 91-5030.
 United States Court of Appeals, Federal Circuit.
 Nov. 15, 1991.
 
 Before RICH, Circuit Judge, SKELTON, Senior Circuit Judge, and MAYER, Circuit Judge.
 DECISION
 PER CURIAM.
 
 
 1
 Mary Ellen Strother and Harold David Strother, as representatives of their son, Harold David Strother, Jr. (David), appeal from the August 14, 1990 order of the United States Claims Court (Rader, J.), reported at 21 Cl.Ct. 365, affirmed on reconsideration by order of October 23, 1990 (Turner, J.), denying compensation under the National Childhood Vaccine Injury Act of 1986 (the Act).[1] We affirm.
 
 OPINION
 
 2
 Petitioners urge that the Claims Court failed to take into consideration "new medical evidence" in the form of three affidavits transmitted by facsimile to the court within two days prior to the June 1, 1990 oral argument before Judge Rader. Although the Claims Court docket sheet indicates that these affidavits were never formally made a part of the record, it is evident that Judge Turner considered them on reconsideration. We see no error in Judge Turner's conclusion that no ground exists to grant petitioners' motion for reconsideration based on the existence of a Table injury.
 
 
 3
 Petitioners also urge that "an impossible burden of proof" was placed upon them in this case. With respect to compensation under the actual causation (or "cause in fact") prong of the Act, it was petitioners' burden to establish a technically supportable, logical sequence of cause and effect showing that the MMR vaccination caused David's injury. See Hines v. Secretary of the Dep't of Health and Human Servs., 940 F.2d 1518, 1525 (Fed.Cir.1991). Judge Rader thoroughly considered the extensive medical testimony and documentary evidence concerning actual causation, and concluded that the record does not contain sufficient evidence to warrant a finding thereof. On reconsideration, Judge Turner determined that Judge Rader's conclusion was supported by substantial evidence and did not rest on any error of law. We agree.
 
 
 4
 What happened to David is tragic. However, it is not the role of this court to review de novo the factual evidence. We may overturn the decision of the Claims Court only if we find it based upon incorrect legal conclusions or clearly erroneous factual findings. See Bunting, 931 F.2d at 871; Massing v. Secretary of the Dep't of Health and Human Servs., 926 F.2d 1133, 1135 (Fed.Cir.1991) (pre-1989 amendment cases). We find no such error here, and accordingly affirm.
 
 
 
 [1]
 Codified at 42 USC 300aa-1 et seq. (1988). Although under the current version of the Act (as amended in 1989), the Claims Court applies an "arbitrary and capricious" standard of review to Special Master findings, the pre-amendment version of the Act which governs this case authorizes de novo review by the Claims Court. See Bunting v. Secretary of the Dep't of Health and Human Servs., 931 F.2d 867, 871 n. 5 (Fed.Cir.1991) (petition for rehearing in banc on other issues pending)